# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| IOWA HEALTH SYSTEM, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 07-4030 |
| SALLI GRAHAM, trustee of | ) |
| DUNCAN GRAHAM, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6). Plaintiff filed a Response (Doc. 9). For the following reasons, Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

Plaintiff Iowa Health System, Inc. ("Iowa Health") is a fiduciary of a self-funded employee benefit medical plan ("IH Plan") that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Defendant Salli Graham was a participant in the IH Plan. She also is the trustee and guardian of minor, Duncan Graham, who received benefits under the IH Plan.

On April 9, 2004, Duncan Graham sustained physical injuries during a motor vehicle accident and was compensated $21,587.06 by Principal Life Insurance under the IH Plan. However, the IH Plan contains an express provision requiring participants to fully reimburse the IH Plan for benefits received from other insurers as a result of injuries caused by third parties. (Doc. 1-3.) Dennis and Salli Graham filed a negligence claim on behalf of Duncan Graham for

---

[1] In evaluating Defendant's Motion to Dismiss, this Court will accept Plaintiff's allegations in the Complaint (Doc. 1) as true and resolve all inferences in Plaintiff's favor. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007).

his injuries. The claim resulted in a $50,000 settlement from a third-party liability policy and an underinsured motorist policy in October 2004. The Circuit Court of Rock Island ordered Dennis and Salli Graham, as guardians of Duncan Graham's estate, to deposit the remaining $37,498.42 of the settlement (after attorney and other fees) in the Mississippi Valley Credit Union in East Moline, Illinois. See (Doc. 6 at 25.)

Dennis and Salli Graham then filed an Application to Adjudicate Liens on behalf of Duncan Graham in the Circuit Court of Rock Island and served summons on Principal Life Insurance Company, which had originally compensated Duncan Graham pursuant to the IH plan. (Doc. 6 at 1, 2.) Principal Life Insurance failed to file a responsive pleading so Dennis and Salli Graham filed a Motion for Default in August 2005. After Principal Life Insurance failed to enter an appearance, the Circuit Court of Rock Island entered an Order of Default, which Principal Life Insurance never contested.

On June 20, 2007, Iowa Health brought the present claim against Defendant Salli Graham, as trustee of Duncan Graham, for equitable relief to enforce the terms and preserve the assets of the IH Plan under ERISA. (Doc. 1.) Iowa Health asserts it is authorized to bring this ERISA action on behalf of the other IH Plan participants, including Principal Life Insurance, under 29 U.S.C. § 1332(a)(3).[2]

In the Complaint, Iowa Health argues Defendant actually or constructively possesses Duncan Graham's settlement proceeds and failed to reimburse the IH Plan from those proceeds. In response, Defendant brought the instant Motion to Dismiss (Doc. 6) and argues that: (1) Plaintiff is barred from pursuing this matter under the doctrine of *res judicata*; (2) Plaintiff is not

---

[2]  Defendant does not dispute Iowa Health's ability to bring forth an ERISA action on behalf of Principal Life Insurance. Therefore, this Court will accept Iowa Health's assertion at this stage in the litigation.

entitled to subrogation against a minor's recovery in a personal injury claim; and (3) Defendant does not have Duncan Graham's funds within her possession or control.

## LEGAL STANDARD

To survive a Rule 12(b)(6) dismissal, the Seventh Circuit has established that a plaintiff need only satisfy the "short and plain statement" requirement of Rule 8 by asserting mere claims in the complaint without having to plead facts or legal theories.  See  Fed. R. Civ. P. 8(a); Vincent v. City Colleges of Chicago, 485 F.3d 919, 923 (7th Cir. 2007).  This "notice pleading" standard merely requires a plaintiff to provide enough detail to give a defendant fair notice of what the claim is, its grounds, and show that his entitlement to relief is plausible, rather than merely speculative.  Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008).

## DISCUSSION

### 1. Applicability of *res judicata*

Defendant argues that Iowa Health's claim is barred under the doctrine of *res judicata* because the Circuit Court of Rock Island entered an Order of Default against Principal Life Insurance for failing to appear and or plead in the lien adjudication claim filed on behalf of Duncan Graham.[3]  In analyzing Defendant's *res judicata* claim, this Court shall apply the preclusion law of Illinois, because the Circuit Court of Rock Island rendered the initial default judgment.  Whitaker v. Ameritech Corp., 129 F.3d 952, 955 (7th Cir. 1997).  Under Illinois law, the party invoking *res judicata* has the burden of showing extrinsic evidence that the precise point involved in the current suit was, or should have been raised, in a previous suit.  Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 491 (1993).  Therefore, Defendant must show: (1)

---

[3]  There is no dispute that the Circuit Court of Rock Island's entry of an Order of Default against Principal Life Insurance was a final judgment on the merits and that Iowa Health is in privity with Principal Life Insurance for purposes of this claim because Iowa Health is bringing its ERISA claim on Principal Life Insurance's behalf.

a final judgment on the merits rendered by a court with jurisdiction; (2) an identity of cause of actions exists; and (3) the parties or privies are identical in both actions. Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 335 (1996).

Defendant's argument fails because Iowa Health was unable to bring the present ERISA claim before the Circuit Court of Rock Island and did not have the opportunity to choose a federal forum. See Spitz v. Tepfer, 171 F.3d 443, 447 (7th Cir. 1999) (*res judicata* not proper when a party's claim falls under exclusive jurisdiction of federal courts and that party did not choose the original state forum).

That is to say, Iowa Health could not have pursued its ERISA claim in the previous state court case. While a district court may exercise supplemental jurisdiction over a state law claim, state courts may not exercise jurisdiction over exclusive federal claims. See Health Cost Controls v. Skinner, 44 F.3d 535, 536 (7th Cir. 1995); River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 317 (1998). Iowa Health seeks equitable relief to enforce the IH Plan under 29 U.S.C. § 1132(a)(3), a claim that falls under exclusive jurisdiction of the federal courts. § 1132(e)(1). Therefore, Iowa Health's ERISA claim is not barred under *res judicata* because the ERISA claim could not have been brought in state court and Iowa Health did not choose the original forum.

**2. Iowa Health's entitlement to reimbursement of a minor's recovery**

Defendant next argues Iowa health is not entitled to any subrogation, including those arising under ERISA, against the claim of Duncan Graham for his personal injuries because he is a minor. Plaintiff's argument is supported by Illinois law establishing that "subrogation liens against recoveries received by minors' estates are not valid." Klem v. Mann, 279 Ill. App. 3d. 735, 738 (1996) (citations omitted). However, because ERISA is a matter of federal law, the Illinois law is pre-empted in this case. See 29 U.S.C. § 1144(a)(2006).

4

ERISA's pre-emption clause states that it "shall supersede any and all State laws [that] relate to any employee benefit plan," unless articulated in subsection (b)(2)(A). Id. The Supreme Court has further interpreted ERISA's "deemer" clause, § 1144(a), (b)(2)(A, B), to exempt *self-funded* ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. FMC Corp. v. Holliday, 498 U.S. 52, 61 (1990); see also Rice v. Panchal, 65 F.3d 637, 640 (7th Cir. 1995).

Here, Iowa Health's ERISA claim involves a *self-funded* employee benefit plan. Defendant does not contend that the IH Plan is not a "self-funded employee benefit plan" under ERISA, nor does she argue that the plan falls within one of the exceptions enumerated in § 1144(b)(2)(A).[4]  Therefore, Defendant's claim that Iowa Health's recovery is precluded by Illinois law is without merit.

### 3. Defendant's possession and control of Duncan Graham's funds

Defendant's final argument is that she does not have possession or control of Duncan Graham's funds and therefore Iowa Health cannot state a claim upon which relief can be granted. She asserts the funds have been placed in a bank account under Duncan Graham's name and that she has no means to access the account. Defendant's argument is not only logically deficient but would also undermine the purpose of ERISA by shielding all minors from subrogation claims. Defendant is the acting guardian and trustee of Duncan Graham. The relationship between a guardian and a dependent bears all indicia of the relationship between a trustee and a beneficiary. L.F.H. v. People, 256 Ill. App. 3d 451, 455 (1993).   Defendant filed claims on Duncan Graham's behalf and represented him before the Circuit Court of Rock Island. Furthermore,

---

[4] State laws regulating insurance, banking, or securities are not pre-empted by ERISA. However, § 1144(b)(2)(B) provides that employee benefit plans, like the one at issue here, do not fall into the insurance category described in § 1144(b)(2)(A).

5

Defendant served as Duncan Graham's representative in settling the negligence claim and was also authorized by the circuit court to accept the settlement. Clearly, Defendant, as guardian and trustee, does possess and control Duncan Graham's funds for the purposes of Iowa Health's present ERISA claim.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this __30th__ day of July, 2008

 s/ Joe Billy McDade  
Joe Billy McDade  
United States District Judge
