## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| IOWA HEALTH SYSTEM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 07-cv-4030 |
| SALLI GRAHAM, as *trustee of* | ) |
| DUNCAN GRAHAM, | ) |
| | ) |
| Defendant. | ) |

## **M E M O R A N D U M   O P I N I O N**

Before the Court are cross-motions for summary judgment, filed by Plaintiff Iowa Health System, Inc. (Doc. 16) and Defendant Salli Graham (Doc. 18). For the reasons that follow, Salli Graham's motion is DENIED and Iowa Health System Inc.'s motion is GRANTED. A corresponding Order follows the conclusion of this Opinion.

### FACTS

In this action under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(a)(3), Iowa Health System, Inc. ("Iowa Health") seeks to enforce the terms of an employee benefit medical plan ("IH Plan") over which it purports to serve as a fiduciary. The material facts are not in dispute.[1] Salli Graham ("Graham"), the defendant, is the

---

[1] Graham (who is represented by counsel) chose not to file a Local Rule 7.1(D)(2)-compliant response to Iowa Health's summary judgment motion. Graham merely submitted her own summary judgment motion after Iowa Health moved for

mother of Duncan Graham ("Duncan").  (Def.'s 12/5/2007 Mot. to Dismiss ¶ 3).  During the relevant time period, Duncan (a minor) was a beneficiary of the IH Plan through Salli's employment with Iowa Health and her participation in the plan.  (Pl.'s SUMF ¶ 2; Compl. ¶¶ 7-8; Answer ¶¶ 7-8).  Under the terms of the IH Plan,

> The Plan has the right to . . . recover and subrogate 100 percent of the benefits paid or to be paid by the Plan for Members to the extent of any and all of the following payments[:] Any judgment, settlement or payment made or to be made, because of an accident or malpractice for which the Plan paid benefits, including but not limited to other insurance[;] Any auto or recreational vehicle insurance coverage or benefits including, but not limited to, uninsured/underinsured motorist coverage for injuries for which the Plan paid or will pay benefits[;] Business and homeowners medical and/or liability insurance coverage or payments for injuries for which the Plan paid or will pay benefits[;] Attorney's fees.

(Ex. A to Compl.; Compl. ¶ 10; Answer ¶ 10).[2]

On April 9, 2004, during the period he was covered by the IH Plan, Duncan Graham sustained personal injuries in an automobile accident.  (Pl.'s SUMF ¶ 1).  The IH Plan paid medical benefits in the amount of $21,587.06 to cover costs of Duncan's resulting medical treatment.  (Pl.'s SUMF ¶ 3; Compl. ¶ 9; Answer ¶ 9).  The record indicates that Principal Life Insurance Company (not a party to this

---

summary judgment.  Iowa Health, conversely, did file a Rule 7.1(D)(2)-compliant response to Graham's motion.  Because of Graham's complete disregard for Local Rule 7.1(D)(2), the Court deems admitted the facts Iowa Health has represented as material in its memorandum.  In any event, the facts that Graham has provided in her summary judgment motion do not seem to conflict with Iowa Health's version of the facts.

[2] Graham does not challenge the existence of the IH Plan's reimbursement provision or its terms.

action) was involved in the payment of benefits. (Def.'s SUMF ¶ 3; Ex. D to Def.'s 12/5/2007 Mot. to Dismiss, Principal Life's Motion to Quash ¶ 2).[3]

Subsequently Dennis and Salli Graham, as guardians of Duncan's estate, brought a negligence action (Case No. 2004P363) in the Circuit Court for Rock Island County, Illinois against the individual purportedly responsible for the April 9, 2004 accident. (Compl. ¶ 11; Answer ¶ 11; Ex. H to Def.'s 12/5/2007 Mot. to Dismiss, Rock Island County Circuit Court's Order Approving Settlement And Order of Distribution dated 10/5/2004). The suit settled for $50,000.[4] (Pl.'s SUMF ¶ 5). The state court ordered Duncan's guardians to deposit a $37,498.42 portion of the settlement ("Settlement Funds") into an account at Mississippi Valley Credit Union -- located at 358 17th Avenue, East Moline, Illinois -- and to keep the funds there until further court order. (10/5/2004 Rock Island County Circuit Court's Order Approving Settlement ¶ 13). Also as part of the order approving the settlement, the state court barred Principal Life Insurance Company from asserting subrogation rights as to proceeds of the settlement. (10/5/2004 Rock Island County Circuit Court's Order Approving Settlement¶ 4). Later, the state court vacated the

---

[3] Iowa Health has labeled Principal Life's apparent involvement as "immaterial" without adequately explaining its reasoning for doing so. Therefore, the Court deems admitted that Principal Life was involved in the payment of benefits. See Rotec Indus., Inc. v. Mitsubishi Corp., 179 F. Supp.2d 885, 886 n.1 (C.D. Ill. 2002). The same goes for the other facts presented by Graham which Iowa Health has summarily labeled as immaterial.

[4] The parties stipulate that the suit settled for $50,000, although the state court's order approving settlement indicates the settlement was for a greater amount. The parties further agree that the settlement consisted of $20,000 paid pursuant to a liability policy and $30,000 paid pursuant to the underinsured motorist provision of Duncan's parents' insurance policy. (Pl.'s SUMF ¶ 1).

3

portion of its order that applied to Principal Life because Principal Life had not been properly served with process. (Electronic History for Case No. 2004P363 in the Circuit Court of Rock Island County, Illinois, Docket Entry dated 5/25/2005).[5]

In response to the state court's order vacating judgment as to Principal Life, the guardians of Duncan's estate filed (in the same action, Case No. 2004P363) an Application to Adjudicate Lien against Principal Life. This time, Principal Life was served with process but did not appear. Accordingly, the state court entered Principal Life's default and barred it from asserting a subrogation lien against Duncan's estate. (Def.'s SUMF ¶ 9; Ex. E/F to Def.'s 12/5/2007 Mot. to Dismiss, Rock Island County Circuit Court's 8/31/2005 Order entering Principal Life's default). Principal Life took no action to set aside the default judgment. (Def.'s SUMF ¶ 11).

On June 20, 2007, Iowa Health filed the instant action in federal court seeking to enforce the reimbursement provision of the IH Plan. Specifically, Iowa Health has sued under Section 502(a)(3) of ERISA. Pursuant to that statute, Iowa Health asks this Court to impose a constructive trust and/or equitable lien over a portion of the Settlement Funds held by the Estate of Duncan Graham. Additionally, Iowa Health seeks an order enjoining Salli Graham (as Duncan's trustee) from transferring or disposing of the disputed settlement funds.

---

[5] Courts may take judicial notice of judicial decisions and proceedings. Consolidation Coal Co. v. United Mine Workers of Am., Dist. 12, Local Union 1545, 213 F.3d 404, 407 (7th Cir. 2000); Opoka v. I.N.S., 94 F.3d 392, 394-95 (7th Cir. 1996); see also Limestone Dev. Corp. v. Village of Lemont, 473 F. Supp.2d 858, 868 (N.D. Ill. 2007).

4

On December 5, 2007, Salli Graham moved to dismiss Iowa Health's Complaint. She raised the following arguments: (1) Res judicata bars Iowa Health's claim because the cause of action was litigated in state court as part of the lien adjudication proceedings against Principal Life; (2) Under Illinois law, subrogation liens against recoveries received by minors' estates are not valid; and (3) Salli Graham does not possess or control the settlement funds belonging to Duncan's estate. This Court rejected all three arguments in denying Graham's motion to dismiss on July 30, 2008. Iowa Health Sys., Inc. v. Graham, 2008 WL 2959796 (C.D. Ill. July 30, 2008). The parties have now both moved for summary judgment.

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, the Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). If the record before the Court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. McClendon v. Indiana Sugars,

Inc., 108 F.3d 789, 796 (7th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## ANALYSIS

Iowa health is suing under Section 502(a)(3) of ERISA, codified at 29 U.S.C. § 1132(a)(3), which provides, "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  For purposes of summary judgment, Graham has conceded that ERISA applies to the IH Plan and that Iowa Health is a "fiduciary" of the IH Plan under Section 502(a)(3).[6]  The IH Plan's reimbursement provision states,

> The Plan has the right to . . . recover and subrogate 100 percent of the benefits paid or to be paid by the Plan for Members to the extent of any and all of the following payments[:] Any judgment, settlement or payment made or to be made, because of an accident or malpractice for which the Plan paid benefits, including but not limited to other insurance[;] Any auto or recreational vehicle insurance coverage or benefits including, but not limited to, uninsured/underinsured motorist coverage for injuries for which the Plan paid or will pay benefits[;] Business and homeowners medical and/or liability insurance coverage or payments for injuries for which the Plan paid or will pay benefits[;] Attorney's fees.

(Ex. A to Compl.; Compl. ¶ 10; Answer ¶ 10).  It is undisputed that the IH Plan paid $21,587.06 in medical benefits to cover costs of medical treatment administered to Duncan Graham (a plan beneficiary) related to injuries Duncan sustained in an

---

[6] Nowhere in her briefing on summary judgment does Graham dispute these matters.

April 9, 2004 automobile accident. It is also undisputed that the guardians of Duncan's estate brought a negligence action in state court against the person purportedly responsible for the April 9, 2004 accident. Iowa Health and Graham have stipulated that the state-court negligence action resulted in a $50,000 settlement to Duncan's estate -- including $37,498.42 deposited in an account at Mississippi Valley Credit Union at 358 17th Avenue, East Moline, Illinois. Duncan's negligence settlement falls within the textual reach of the IH Plan's reimbursement provision; no reasonable fact-finder could find otherwise, nor does Graham attempt to contest this conclusion.

The central dispute on summary judgment is whether Iowa Health's claim is legal or equitable. Section 502(a)(3) authorizes only suits for equitable relief. Graham contends that the relief sought by Iowa Health in this suit is legal, not equitable. Iowa Health disagrees.

**I.  Legal versus Equitable Nature of the Relief Sought**

Graham cites to Great-West Life & Annuity Insurance Company v. Knudson to carry her argument that Iowa Health's suit is not authorized by Section 502(a)(3) because the relief sought is legal in nature. 534 U.S. 204 (2002). Knudson involved a scenario similar to this case: a beneficiary of an employee health plan was injured in an automobile accident; the plan covered a portion of the beneficiary's resulting medical costs; and the beneficiary later recovered a settlement in a state-court tort suit related to the auto accident. In Knudson, a sizeable portion of the settlement was placed in a Special Needs Trust to provide for the beneficiary's future medical

7

care. After the beneficiary recovered in the tort action, the insurer that paid the majority of her medical costs (under a stop-loss agreement with the benefit plan) sought reimbursement from her pursuant to a provision in the benefit plan reserving to the plan " 'a first lien upon any recovery, whether by settlement, judgment or otherwise' that the beneficiary receives from the third party . . . ." Id. at 207. The benefit plan further provided that if the beneficiary recovered from a third party and failed to reimburse the plan, she would be personally liable to the plan up to the amount of the lien. Id. The plan's insurer brought suit in federal court under ERISA's Section 502(a)(3) to enforce the plan's reimbursement provision. Justice Scalia, writing for the Supreme Court, held that Section 502(a)(3) did not authorize the suit because the remedy sought was not equitable, but legal. Justice Scalia pointed out that a key feature of equitable restitution is the remedy's focus on "particular funds or property in the defendant's possession." Id. at 214. In Knudson, however, the funds to which the insurer sought an entitlement were not in the beneficiary's possession. Rather, those funds had been placed in a Special Needs Trust under California law. Therefore, the relief the insurer sought was not equitable; instead it was the equivalent of the imposition of legal contract liability, which Section 502(a)(3) does not authorize. Id. at 214, 221.

A few years after Knudson, the Supreme Court decided the case of Sereboff v. Mid Atlantic Medical Services, Inc. -- the lead case cited by Iowa Health in its summary judgment brief. 547 U.S. 356 (2006). In Sereboff, a health insurance plan paid $74,869.37 in medical expenses on behalf of plan beneficiaries as the result of

an auto accident. The beneficiaries subsequently recovered a tort settlement against third parties involved in the accident, leading the health plan's administrator to sue the beneficiaries in federal court under Section 502(a)(3) to enforce a reimbursement provision within the plan. The parties to the federal court action stipulated to preserving the disputed $74,869.37 in an investment account until the case was resolved. Justice Roberts, writing for the Supreme Court, held that the administrator's suit was authorized under Section 502(a)(3). Distinguishing Knudson, Justice Roberts wrote,

> That impediment to characterizing the relief in Knudson as equitable is not present here. . . . [I]n this case [the plan administrator] sought specifically identifiable funds that were within the possession and control of the [beneficiaries] -- that portion of the tort settlement due [the administrator] under the terms of the ERISA plan, set aside and preserved [in the beneficiaries'] investment accounts. Unlike [the insurer in Knudson], [the administrator here] did not simply seek to impose personal liability . . . for a contractual obligation to pay money. It alleged breach of contract and sought money, to be sure, but it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the [beneficiaries'] assets generally, as would be the case with a contract action at law.

Sereboff, 547 U.S. 362-63 (internal quotations and citations omitted); see also Administrative Comm. of Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan v. Varco, 338 F.3d 680, 688 (7th Cir. 2003) (requirements to equitable relief under Section 502(a)(3)(B) are threefold: specifically identifiable funds; in the defendant's control; to which the plaintiff is rightfully entitled under terms of the benefit plan).

The case presently before this Court falls closer to Sereboff than to Knudson. Here, Iowa Health asks the Court to impose a constructive trust or equitable lien over a portion of specifically identifiable funds (i.e. proceeds of Duncan's settlement

9

located in a specific account) over which Salli Graham has possession. (Compl. ¶ 3, 15-20). The relief sought is equitable in nature. Further, the plan's reimbursement provision provides an equitable <u>basis</u> for relief, as the provision cannot be meaningfully distinguished from the reimbursement provision in <u>Sereboff</u>. 547 U.S. at 363-64.[7]

Although Iowa Health could have done a better job identifying the specific funds at issue,[8] there is sufficient, uncontested evidence and information available to the Court regarding the Settlement Funds so as to warrant a summary equitable ruling in favor of Iowa Health. The Rock Island County Circuit Court's October 5, 2004 "Order Approving Settlement And Order Of Distribution" directed Duncan Graham's guardians to deposit $37,498.42 in settlement proceeds in an account at Mississippi Valley Credit Union at 358 17th Avenue, East Moline, Illinois "to be kept in said bank until the further order and direction of this [Illinois Circuit] Court." (10/5/2004 Rock Island County Circuit Court's Order Approving Settlement ¶ 13). As of today's date, the Rock Island County Circuit Court's electronic docket sheet for Case No. 2004P363 (captioned "In The Matter of Duncan Graham, a

---

[7] An equitable basis for relief is an essential component for relief under Section 502(a)(3). In <u>Sereboff</u>, the Supreme Court found the relevant plan reimbursement provision to be an equitable basis for relief because it "specifically identified a particular fund, distinct from the [beneficiaries'] general assets -- '[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise)' -- and a particular share of that fund to which [the plan administrator] was entitled -- 'that portion of the total recovery which is due [the administrator] for benefits paid.'" <u>Sereboff</u>, 547 U.S. at 364.

[8] Iowa Health's failure to present more specific evidence as to the status of the Settlement Funds is difficult to justify and is nearly fatal to its suit. The specific identification of existing property is critical to this action.

Minor") indicates that the state court has issued no subsequent order regarding the Settlement Funds deposited at Mississippi Valley Credit Union in East Moline. Therefore, all signs point to the funds still being in existence and being located at the Credit Union. Graham has not indicated otherwise, nor has she even attempted to challenge Iowa Health's bare-bones identification of the funds.[9]

The issue of Salli Graham's possession of the funds was addressed earlier in this litigation. In her motion to dismiss, Graham represented that she

> does not have any of [Duncan's] funds in her possession or control as said funds do not belong to [her]. Said funds are the property of Duncan Graham, a minor, and . . . Salli Graham has no right to said funds as said funds are protected by a Court Order and cannot be withdrawn without a Court Order.

(Def.'s 12/5/2007 Mot. to Dismiss ¶ 16). This Court rejected Graham's argument in its July 30, 2008 Opinion, pointing out that Salli Graham served as Duncan Graham's legal guardian in the Rock Island County Circuit Court negligence action and was authorized to accept the settlement in that action. Here at the summary judgment stage, the Court adheres to its prior ruling on possession. Salli Graham served as Guardian of the Estate of Duncan Graham in the earlier state-court action which resulted in the settlement at issue in this federal action. (10/5/2004 Rock Island County Circuit Court's Order Approving Settlement ¶¶ 1-2). The guardianship arrangement is a fiduciary relationship essentially identical to the relationship existing between trustee and beneficiary. In re Estate of Swiecicki, 477

---

[9] If it is somehow the case that the funds are not at Mississippi Valley Credit Union or can no longer be specifically identified, this would certainly be the basis for a motion to reconsider.

11

N.E.2d 488, 490 (Ill. 1985).  Under the common law of trusts, the general rule is that trustees are in possession of trust property.  See Village of Brookfield v. Pentis, 101 F.2d 516, 521 (7th Cir. 1939); In re Hartzell's Will, 192 N.E.2d 697, 706-07 (Ill. App. Ct. 1963); 39 C.J.S. Guardian & Ward § 77 (2009).  For purposes of this action, Salli Graham is in possession of the disputed funds as a matter of law.

Because all the elements for equitable relief under Section 502(a)(3) are met here, Iowa Health is entitled to the relief it seeks unless Graham has a meritorious defense.

## II. Res Judicata

In her motion for summary judgment, Graham (once again) asserts that the Rock Island County Circuit Court's judgment in the prior lien adjudication proceeding bars this federal action through the doctrine of res judicata.  This Court conclusively decided the preclusion issue against Graham in its ruling on her motion to dismiss, holding that Illinois law of preclusion does not bar this federal suit because Iowa Health's ERISA claim falls under the exclusive jurisdiction of the federal courts and could not have been litigated in the state lien adjudication proceeding initiated by Graham.  Graham, 2008 WL 2959796, at *2 (citing Spitz v. Tepfer, 171 F.3d 443, 447 (7th Cir. 1999)).[10]  The Court will not revisit the issue

---

[10] Because Iowa Health's ERISA-based claim to the settlement funds at issue is not barred under Illinois law of preclusion, there is no full-faith-and-credit problem arising under 28 U.S.C. § 1738.  See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985).  Further, the full-faith-and-credit requirement of § 1738 does not do away with ERISA's preemption of state law.  Metropolitan Life Ins. Co. v. Pressley, 82 F.3d 126, 130 n.3 (6th Cir. 1996).

12

again here, as Graham has not persuaded the Court that a departure from its earlier ruling is warranted. See Avita v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995) (discussing the law of the case doctrine).[11]

### III. Adequacy of Remedy at Law

Traditionally, equitable remedies are appropriate only in situations where no adequate legal remedy exists. United States v. One 1976 Mercedes Benz 280S, Serial No. 11602012072193, 618 F.2d 453, 457 (7th Cir. 1980). Graham argues that Iowa Health's suit under Section 502(a)(3) is barred because there are adequate legal remedies available to Iowa Health. Graham, however, does not identify any such alternative remedies. Graham's argument ignores that Iowa Health's choice of remedy is limited by ERISA's exclusive civil enforcement scheme, i.e. Section 502(a). See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). The Court is persuaded that, as a plan fiduciary seeking relief under the present circumstances, Iowa Health has no legal ERISA-based remedy equivalent to the equitable remedy it seeks under Section 502(a)(3).

---

[11] At the summary judgment stage, Graham has chosen not to further pursue her affirmative defense that, under the facts of this case, ERISA defers to Illinois law under which subrogation liens against recoveries by minors' estates are not valid. (Graham's Answer, Affirmative Defenses ¶ 2); see Klem v. Mann, 665 N.E.2d 514, 517-18 (Ill. App. Ct. 1996). More specifically, Graham did not attempt to show that the IH Plan is not self-funded (i.e. that the plan is insured). See FMC Corp. v. Holliday, 498 U.S. 52, 61-63 (1990) (self-funded plans are exempted from state laws that regulate insurance, insured plans are not exempted). Although the record indicates that Principal Life Insurance Company was involved in the payment of benefits for Duncan's medical treatment, Principal Life's mere involvement is not enough to convince any reasonable fact-finder that the IH Plan is insured for purposes of the distinction announced in Holliday. For purposes of summary judgment, Graham has conceded that the IH Plan is self-funded.

## IV. ERISA Preemption

Although neither party has mentioned the issue, today's Order imposing an equitable lien over the disputed funds may seem to conflict, to some extent, with the Rock Island County Circuit Court's 10/5/2004 Order Approving Settlement.[12] The state court's order requires Duncan's guardians to keep the Settlement Funds in an account at the Mississippi Valley Credit Union until further direction by that court. To the extent the state court's 10/5/2004 Order conflicts with today's federal court Order, the federal court Order is preemptive and superseding. Iowa Health's entitlement to the disputed funds arises under ERISA -- a powerful federal statute that preempts state law and which the federal courts exclusively are authorized to apply. As was mentioned earlier, the Rock Island County Circuit Court would have been without subject-matter jurisdiction to adjudicate Iowa Health's rights to the settlement proceeds under Section 502(a)(3) of ERISA. See 29 U.S.C. § 1132(e)(1).

ERISA carries the power to preempt not only state laws, but also the judgments and orders of state courts -- even those orders touching on domestic relations, which is an area of law traditionally reserved for the state courts. See, e.g., Carmona v. Carmona, 544 F.3d 988, 1006 (9th Cir. 2008) (state court's imposition of constructive trust in domestic relations matter which related to ERISA plan was preempted by ERISA) (citing Melton v. Melton, 324 F.3d 941, 945

---

[12] It is not completely clear whether this Court's Order will conflict in some way with the Rock Island County Circuit Court's 8/31/2005 Order extinguishing any lien of Principal Life Insurance Company as to the settlement proceeds. Graham suggests privity between Principal Life and Iowa Health vis-à-vis an entitlement to the settlement proceeds. But Graham never attempts to prove the privity she suggests.

14

(7th Cir. 2003); <u>Metropolitan Life Ins. Co. v. Bigelow</u>, 283 F.3d 436, 440 (2d Cir. 2002) (if state-court judgment which relates to employee benefit plan does not fall under statutory exception within ERISA, it is preempted). To the extent this Court's Order will interfere with the state court's control over the settlement proceeds in Duncan's Estate, limited interference is warranted under federal law. As our Supreme Court recently restated,

> "[W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."

<u>Marshall v. Marshall</u>, 547 U.S. 293, 310 (2006) (quoting with approval <u>Markham v. Allen</u>, 326 U.S. 490, 494 (1946)).

## CONCLUSION

Graham's Motion for Summary Judgment is DENIED. Iowa Health's Motion for Summary Judgment is GRANTED. Any motion for attorney's fees must be submitted within thirty (30) days of today's date.

## **O R D E R**

IT IS HEREBY ORDERED that an equitable lien[13] is imposed in favor of Iowa Health System, Inc. over $21,587.06 in funds belonging to the Estate of Duncan Graham, which funds ("Funds Owed") exist at Mississippi Valley Credit

---

[13] An equitable lien is "[a] right, enforceable only in equity, to have a demand satisfied from a particular fund or specific property, without having possession of the fund or property." Black's Law Dictionary 942 (8th ed. 2004).

Union at 358 17th Avenue, East Moline, Illinois.  For identification purposes, Funds Owed were previously deposited pursuant to an October 5, 2004 Order Approving Settlement And Order Of Distribution issued by the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois in Case Number 2004P363 captioned "In The Matter of Duncan Graham, a Minor."

IT IS FURTHER ORDERED that Salli Graham, as Guardian of the Estate of Duncan Graham, immediately remit the Funds Owed, pursuant to the equitable lien imposed herein, to Iowa Health System, Inc.'s attorney John D. Kolb.  Mr. Kolb shall act as Iowa Health System, Inc.'s agent for purposes of this transaction.

IT IS FURTHER ORDERED that Iowa Health System, Inc. submit a status report within thirty (30) days indicating whether today's judgment has been satisfied.

ENTERED this <u>23rd</u> day of July, 2009.

<u>s/ Joe B. McDade</u>
JOE BILLY McDADE
United States District Judge
